# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 21-2051V
### Filed: June 25, 2025

| | |
|---|---|
| RAIZY HALBERSTAM *and* CHAIM HALBERSTAM *as mother and father of R.M.H.*, <br><br>                 Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                 Respondent. | Special Master Horner |

*Renee J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioner.*
*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION[1]

On October 21, 2021, petitioners, Raizy and Chaim Halberstam, filed a petition on behalf of their minor child, R.M.H., under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act"),[2] alleging that she suffered acute autoimmune encephalitis as a result of her October 21, 2018 mumps, measles, rubella, varicella ("MMRV") vaccination.  (ECF No. 1.)  On March 24, 2023, petitioners filed an amended petition alleging that R.M.H.'s autoimmune encephalitis was caused-in-fact by her October 21, 2018 MMRV vaccination and significantly aggravated by her August 28, 2019 tetanus, diphtheria, acellular pertussis ("Tdap") vaccination.  (ECF No. 34.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

## I.    Procedural History

This case initially assigned to another special master.  (ECF Nos. 39-40.) Between February and November of 2022, petitioners filed medical records in support of their claim.  (ECF Nos. 10-12, 14, 16-19, 22-23, 27-29; Exs. 1-24.)  On March 29, 2023, petitioners filed an affidavit by petitioner, Chaim Halberstam.  (ECF No. 37; Ex. 25.)  Thereafter, petitioners filed additional medical records.  (ECF Nos. 46-47, 49-53, 56-60, 62-69, 72; Exs. 27-58.)  Petitioners filed a Statement of Completion on June 6, 2024.  (ECF No. 73.)

On June 27, 2024, respondent filed his Rule 4 report, recommending against compensation.  (ECF No. 74.)  On December 13, 2024, petitioners filed an expert report by neurologist Yuval Shafrir, M.D., along with accompanying medical literature.  (ECF Nos. 78-80; Exs. 59-82.)  Thereafter, this case was reassigned to the undersigned. (ECF Nos. 82-83.)  On April 23, 2025, respondent filed experts reports by neuroimmunologist Michael Kruer, M.D., and immunologist You-Wen He, M.D., Ph.D. (ECF No. 65; Exs. A-D.)

On May 20, 2025, I issued a scheduling order wherein I discussed my preliminary view of the critical issues with petitioners' presentation.  (ECF No. 87.) Specifically, I noted that Dr. Shafrir's opinion did not support the presence of an autoimmune encephalitis, as had been alleged, and that his "bare assertion that R.M.H. suffered an unidentifiable, yet pathologically unified, course of deterioration is inadequate to support a claim as a matter of law."  (*Id.* at 2.)  I further explained that "the proceedings so far strongly suggest that [petitioners] will have a very difficult time developing the record of this case with credible medical opinion and are unlikely to prevail."  (*Id.*)

On June 24, 2025, petitioners filed a Motion for a Decision Dismissing their Petition.  (ECF No. 88.)  Petitioners indicate that an investigation of the facts and science supporting their claim has demonstrated that they will be unlikely to prove entitlement to compensation.  (*Id.* at 1.)  Petitioners further state that they understand "a decision by the Special Master dismissing their Petition will result in a judgment against them" and that "[t]hey have been advised that such judgment will end all of their rights in the Vaccine Program."  (*Id.*)

## II.    Discussion

To receive compensation in the Vaccine Program, petitioners must prove either (1) that R.M.H. suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that R.M.H. suffered an injury that was actually caused by a covered vaccine.  *See* § 300aa-13(a)(1)(A); § 300aa-11(c)(1). To satisfy the burden of proof for causation in fact, petitioners must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and

the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act prohibits the undersigned from ruling for petitioners based solely on their allegations unsubstantiated by medical records or medical opinion. § 300aa-13(a)(1).

No "Table Injury" was alleged in this case, nor was there sufficient evidence in the record to support such an allegation. Additionally, the record does not contain preponderant evidence that the alleged injuries were caused-in-fact by vaccination. Although petitioners offered the medical opinion of an expert neurologist, Dr. Shafrir's opinion is not persuasive evidence supporting a finding in favor of entitlement for the reasons discussed in my prior order. (ECF No. 87.) Moreover, respondent filed competing medical opinions refuting Dr. Shafrir's opinions regarding diagnosis and causation.

On June 24, 2025, petitioners filed a motion to voluntarily dismiss their claim. Pursuant to Vaccine Rule 21(b)(1), "[t]he special master or the court may dismiss a petition or any claim therein at the petitioner's request on terms that the special master or the court considers proper by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3)." Accordingly, the undersigned **GRANTS** petitioners' Motion for Decision Dismissing their Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

### III.    Conclusion

Petitioners have my sympathy for what they and R.M.H. have endured, and I do not question their sincerity in bringing this claim. However, this case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.